## Mazurek v. Southeastern Pennsylvania Transportation Authority

*Hollis Hurd,* for plaintiffs.
*Stanley J. Sinowitz,* for defendants.

SCHMIDT, *J.,* July 23, 1976 —

## FACTS

1. On November 12, 1974, plaintiff Elizabeth Mazurek was a passenger on a bus owned and operated by defendant, Southeastern Pennsylvania Transportation Authority (hereinafter referred to as Septa).

2. While a passenger on said bus, plaintiff suffered injuries as a result of a collision between defendant's bus and a vehicle owned and operated by Matthew Walter, the additional defendant.

3. Plaintiff's complaint in trespass was served upon defendant on April 29, 1975.

4. On June 10, 1975, plaintiff filed a set of interrogatories addressed to defendant, Septa.

5. On July 3, 1975, plaintiff's counsel delivered to defendant's counsel a notice of intention to file praecipe for interlocutory order under Rule 4005★(d).

6. On August 11, 1975, plaintiff filed with the prothonotary a certificate of service of notice of intent to file an interlocutory order under Rule 4005★(d). On the same date, a praecipe for interlocutory order under Rule 4005★(d) was filed. The interlocutory order under Rule 4005★(d) directed defendant to answer the interrogatories of plaintiff within 30 days from service thereof or suffer judgment by default as to liability with actions to proceed to determine damages.

7. On September 12, 1975, a certificate of service of interlocutory order under Rule 4005★(d) on July 30, 1975 was filed and a supplemental amendment was served on September 11, 1975.

8. On September 12, 1975, a supplemental praecipe to enter an interlocutory order dated August 11, 1975, as a final order under Philadelphia Civil Rule 4005★(d) was filed and a final order was

entered entering judgment by default as to liability with action to proceed to determine damages.

9. On December 1, 1975, defendant filed a motion to vacate the judgment entered by default alleging in the petition that plaintiff had not complied with Philadelphia Civil Rule 4005★(d).

10. On December 22, 1975, this court entered an order denying defendant's petition to vacate the judgment.

## QUESTION

Was the default judgment entered on behalf of plaintiff against defendant in compliance with the provisions of Philadelphia Civil Rule 4005★(d).

## ANSWER

Yes. Plaintiff has complied with the provisions of Philadelphia Civil Rule 4005★(d) in obtaining the default judgment against defendant.

As the defendant in this case has based his petition to vacate the judgment upon the ground that plaintiff has failed to comply with Rule 4005★(d) of the Philadelphia Civil Rules, this court gave careful consideration to the language of the rule which states:

"If the adverse party fails to file of record answers to the interrogatories within the time period required by this rule, or fails to file timely objections under Section (b) or written agreement, or order, obtained under Rule 248, the Prothonotary shall, on praecipe and certification of service, and upon ten days notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty days

of the date of the order, and providing for sanctions as hereinafter set forth.

"This order shall become final at the expiration of the interlocutory period upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court."

After careful consideration of the above language, it was the opinion of this court that Philadelphia Civil Rule 4005★(d) did not require a copy of the proposed interlocutory order to accompany the notice of intention to file praecipe for interlocutory order under Rule 4005★(d).

As was stated in the recitation of facts, on July 30, 1975, plaintiff's counsel delivered to defendant's counsel a notice which was headed Notice of Intention to File Praecipe for Interlocutory Order Under Rule 4005★(d). The heading of this notice clearly identifies what rule plaintiff is moving in pursuance of, and is sufficient to alert defendant as to the basis of plaintiff's actions. This court notes that in the appendix to Philadelphia Civil Rule 4005★(d) at page 530-P-3, one can find suggested forms of the orders required by the rule.

It would therefore appear that since plaintiff's notice identified the rule which he was moving in pursuance of and that a reading of that rule and its appendices would have revealed to defendant's counsel what action plaintiff's counsel was taking, defendant's counsel cannot now argue that because of a lack of the proposed interlocutory order, he could not take action.

Defendant's counsel admits receipt of the notice of July 30, 1975, but states he treated such notice

as a "nullity," because it did not include a copy of the proposed interlocutory order. Counsel for defendant took no other steps after receiving the notice. He did not attempt to contact plaintiff's attorney and inquire as to the purpose of the notice, or to inquire as to whether due to some inadvertence on plaintiff's counsel's part, a copy of the proposed interlocutory order had not been included by mistake. This court has already reached the conclusion that a copy of the proposed interlocutory order need not have been included, but had a copy been necessary, this court believes that defendant's counsel was required to do more than treat notice sent by plaintiff's counsel as a meaningless act on the part of plaintiff's counsel and in defendant's counsel's own words as a "nullity."

## CONCLUSION

It is the opinion of this court that plaintiff's counsel complied with all of the provisions of Philadelphia Rule 4005★(d) and that no copy of the proposed interlocutory order is required when sending notice of intentions to move pursuant to Philadelphia Civil Rule 4005★(d).